Ruffin, C. J.
 

 The court perceives no error in those parts of the instructions given to the jury, which were intended to enable them .to ascertain the boundaries of the patent of 1739 to Braswell, and of that of 1761, to Dewey and Baker. But the opinion of the court does not accord with
 
 *581
 
 other views taken of the case by his Honor. In one of the case, it is assumed that the jury would find that the grant to Braswell covered the
 
 locus in quo,
 
 and that the other did also, and in that case, the jury was instructed, that the plaintiff could maintain the action, because the title was in Braswell, as the elder patentee, and that the- title was vested in the plaintiff. Of course, the consequence was stated still more clearly to follow, it the grant to Dewey and Baker did not cover the
 
 locus in quo
 
 at all. The necessity for thus considering the question of the superior fitlé did not arise, because title is indispensable to maintaining this action, which is trespass; for there is no doubt that possession alone will support it against every person but the owner. But the necessity arose in order to determine, whether the plaintiff was really, in a legal sense, in possession. The case states, “ that neither party was in the actual possession of the
 
 locus in quo,”
 
 which we understand to mean, that neither party occupied it by cultivation, 'inclosure, or the like. But it has been long held in this State, that such an occupation is not necessary to maintain trespass, but that it is sufficient if the plaintiff have the title, and the actual possession is in no one else. For the law adjudges the possession, by construction, to be in the owner.
 
 Graham
 
 v
 
 Houston,
 
 4 Dev. 232. But if the plaintiff fail to prove title to the
 
 locus in quo,
 
 then he must prove possession by enclosing or improvements thereon.
 
 Smith
 
 v
 
 Wilson,
 
 1 Dev. & Bat. 40. It was thus essential to the plaintiff to shew title. This we think he has not done. He produced deeds from the Lanes to himself made in 1830, which cover the
 
 locus in quo,
 
 but he omitted to produce a conveyance from the patentee Braswell to the Lanes. To supply that
 
 hiatus
 
 he gave evidence that the Lanes had been in possession sixty years, declaring “ that they claimed under the Braswell patent,” and the evidence was admitted, as the foundation of a presumption of conveyances made by Braswell to those thus in possession. That evidence was, in the opinion of the court, improperly received. The declarations of a tenant .of land .are competent to qualify his possession, as .that he
 
 *582
 
 does not hold for himself, but under another.
 
 So
 
 one, who takes actual possession ot one parcel, may shew that he then declined any possession of another tract, for that is against interest.
 
 Davis
 
 v
 
 Campbell,
 
 1 Ired. Rep. 482. But the declarations of a person in possession, that the land is his, cannot be received to supply the place of a conveyance and constitute a title. But it is said, that they were not offered as in themselves forming a title, but, in conjunction with a long possession, to shew the extent of that possession, and to raise a presumption of a conveyance from the owner for all the land, to which the possession, thus extended by the declaration, applies. But in effect, that is making a title by the mere declaration of the party himself. It is admitted, that upon a long possession, all necessary assurances may and ought to be presumed. But the question is, what is possession for that purpose? Plainly, it must be actual possession and enjoyment. It is true, indeed, that if one enters into land under a deed or will, the entry is info the whole tract described in the conveyance,
 
 prima
 
 facie, and is so deemed in realty, unless some other person has possession of a part, either actually or by virtue ol the title. But when one enters on land, without any conveyance, or other thing, to shew what he claims, how can the possession by any presumption or implication be extended beyond his occupation
 
 defacto
 
 ? To allow him to say, that he claims to certain boundaries beyond his occupation, and by construction to hold his possession to be commensurate with the claim, would be to hold the ouster of the owner without giving him an action therefor. One cannot thus make in himself a possession, contrary to the fact. It is against principle, and no case in support of the doctrine has been cited.— In the case at bar it is clear, that the Lanes had no actual possession of the disputed land, and that the object of the evidence, that they claimed under the Braswell patent, was to include that part of the land in the presumed conveyance to them, as well as those parts which they cultivated or otherwise occupied. Now it may well be, that Braswell conveyed to Lane one part of the land granted to him and not
 
 *583
 
 llie other part, and so far as possession raises a presumption of such a conveyance, it is necessarily confined to the possession in fact. If, indeed, Lane, like the plaintiff, had entered under a deed from some one else, though not from Braswell, it would have been different. His possession would then have been to the limits of his deed, and a conveyance from Braswell would have been presumed accordingly. But, as it is, it cannot be, because Lane’s possession is limited to his occupation, and the possession of the plaintiff under his deeds has not been of sufficient duration. As far, therefore, as appears to us, the title remains in Bras-well’s heirs, and.consequently, the possession, and the plaintiff could not recover. The court also took another view of the case, in which it is supposed, that neither patent covered the land in dispute, and under that aspect the jury was instructed, that the plaintiff could recover, because his deed covered the
 
 locus in
 
 quo, and he had been in the actual possession of a part of the land included in the deed for more than seven years, and thus was to be deemed in the possession of the whole. We concur in that opinion, as to the presumed extent of the plaintiff’s possession, and it is obvious that, it either of the patents cover the land, the plaintiff would have a title to the land under the statute of limitations, unless there was a' like and prior possession of the same part of the land.in the defendants. Such, in the opinion of the court, was the fact. The deeds to the plaintiff and his possession taken under them, were in 1830. But in 1826, there was a partition between the defendants under a judgment of the court upon petition, according to the statute, and therein the several shares, five in number, are described by metes and bounds, which include .the
 
 locus in quo,
 
 and under the same, the defendants respectively then took possession in severalty. The possession thus token must extend to the limits of the tracts allotted to the respective parties, upon the same principles on which the plaintiff claims to have possession co-extensively with his deed. It was taken under a permanent written and recorded muniment of title, describing accurately the land claimed and entered iiv
 
 *584
 
 The partition does not indeed constitute a title, except as against the parties to it. But it certainly constitutes a color of title, as much as any of the defective instruments ’ which have been thus deemed. If the parties had made a deed of partition, it could not be doubted that it was color of title for each party for his share, severally, and so we think must a partition by judgment. The defendant’s constructive possession, therefore, being prior to that of the plaintiff under his deed, it was not tolled by the plaintiff’s entry, without title, into a part of the land covered by his deed, which part did not include the
 
 locus in quo.
 
 We are not considering, how either of these parties might claim the possession as against the owner of the disputed land, so as to make a title under the statute of limitations, after a grant.— However that may be, we think the plaintiff cannot make out a possession of the
 
 locus in quo
 
 in himself, without establishing, on the same ground, a prior possession of it by the defendants, and, therefore, that he cannot maintain this action.
 

 Per Curiam. Judgment reversed and
 
 venire de novo.