Rukfin, J.
 

 Beyond doubt, the intestate was entitled to this action for the defendant's entry into the house. To say nothing of the actual possession taken by him, through ¡his agent, the possession was constructively in him by reason of his title. For, it is settled in this country, that the -owner of land is deemed in law to be in the possession, until it actually be taken by some one else. The argument •for the defendant ivas, that he was in possession of the house, by force of the fact, that, before entering the -house)
 
 *271
 
 he was cultivating two fields on the tract of land, and by-reason of the rule of law, that possession of a part of a tract of land is possession of the whole.. But, the rule referred to is misapprehended, and does not apply to this case. When one enters under a conveyance of some colo-rable title for a particular parcel of land, then the rule is, that possession of part is
 
 prima facie
 
 possession of the w hole, not actually occupied by another; which may be safely acted on, as the documentary title defines the claim and possession. But it is clearly otherwise, when one entered without any such color of title ; for, there is, then, nothing by which his- possession can be constructively extended an inch beyond his occupation. This defendant set up no title, and must be taken to be a wrong-doer throughout. Consequently, his first possession of the house was constituted by the entry, for which this suit was brought. There was, therefore, error against the defendant ; for, in law,, the plaintiff was deemed in possession, and entitled to. his action of trespass for the original breaking.
 

 Per Curiam. • Judgment affirmed.