## First National Bank *v.* Johnson, *et al.*

### *Ejectment.*

(Decided November 7, 1914. Rehearing denied December 17, 1914. 67 South. 234.)

1. *Adverse Possession; Requisites; Actual Possession.*—One claiming by adverse possession not under color of title, must show an actual possession of the land in controversy for the statutory period.

2. *Same; Evidence.*—The evidence examined and held sufficient to require a determination by the jury of the question whether defendant's predecessor had been in actual possession of the land for the statutory period, though he did not live there long and cultivated it only five years, scattered over a period of fifteen years.

3. *Ejectment; Right of Action; Possession.*—Plaintiff in ejectment, suing in its own name, cannot recover, if any conveyance in its chain of title, executed prior to the enactment of section 3839, Code 1907, was executed while the land was adversely held.

4. *Adverse Possession; Evidence; Claim of Possession.*—Where adverse possession is in issue, evidence that one in possession was claiming the land, is admissible, as that is an essential element of adverse possession.

5. *Appeal and Error; Harmless Error; Evidence.*—Where the issue was upon disclaimer and evidence was admitted which was competent only to show adverse possession, its admission, although error, was cured by the subsequent injection of the general issue.

APPEAL from Henry Circuit Court.

Heard before Hon. M. SOLLIE.

Ejectment by the First National Bank of Abbeville against Frank Johnson and others. Judgment for defendant, and plaintiff appeals. Affirmed.

Plaintiff claims through J. R. Ward, and defendants claim through E. C. Ward, by adverse possession. J.

R. Ward and E. C. Ward are brothers, and sons of C. Ward, who owned the tract in controversy and the adjacent lands. On March 7, 1891, C. Ward conveyed to J. R. Ward, in addition to the other tracts, "all the land known as the land I bought from W. H. Johnson, lying north of the upper Abbeville and Franklin roads, containing about 60 acres." On the same day he conveyed to E. C. Ward, besides other tracts, certain subdivisions of sections 10 and 11, township 28, range 7, wherein lay the land in suit, part of the W. H. Johnson land, but with the recital, "except 60 acres, more or less, being all of said W. H. Johnson land, lying north of the upper Abbeville and Franklin roads, which we have deeded to our son J. R. Ward." Both J. R. and E. C. Ward testified to the effect that E. C. Ward received possession of the land in suit (lying just west of the Lawrenceville and Franklin roads) from their father, who pointed out this road to them as the boundary between their respective lands; that E. C. Ward claimed all of this tract under his deed, and held possession of it until he conveyed it to defendant's landlord in 1906; and that J. R. Ward did not hold it or claim it at any time.

ESPY & FARMER, and H. L. MARTIN, for appellant.

W. L. LEE, for appellee.

SOMERVILLE, J.—(1) It is clear that upon the paper titles exhibited the plaintiff would have been entitled to recover the tract of land in controversy. It is clear also that the defendants' predecessor in title, E. C. Ward, being without color of title, they could defeat the plaintiff's paper title only by showing an actual adverse possession of the tract by E. C. Ward for at

least three years and three months prior to April 23, 1906, the date of his sale to the defendant Hutto, whose possession since then is not controverted.

(2) It is insisted for the appellant (plaintiff below) that the evidence fails to show such a possession by E. C. Ward, and that therefore the plaintiff was entitled to a peremptory instruction to the jury.

But there is testimony that E. C. Ward held possession from 1891 until 1906. It is true it clearly appears that he did not live on the land, and that it was cultivated by his tenants only about 5 scattered years out of the 15; but it does not appear that he did not have possession all the while by some other acts or means, and, as the evidence stands, the question of title by adverse possession was an issue properly submitted to the jury.

(3) It may be remarked that if any of the mesne conveyances in the plaintiff's chain of title, of date prior to the operation of section 3839 of the Code of 1907, were executed while the land in suit was adversely held, the plaintiff could not recover, as it here sues, in its own name.—*Grant v. Nations,* 172 Ala. 83, 55 South. 310. The burden of proof was, of course, upon the defendants to show such a status on the dates of those conveyances.

(4) On the issue of adverse possession, it was proper for the defendants to show that E. C. Ward was claiming the land during the possessory period; that being an essential element of adverse possession.

(5) And although, when this evidence was admitted, it was not relevant to the then sole issue upon disclaimer, it became relevant by the subsequent injection of the general issue; and the error of its original admission was thereby rendered harmless.

[Pollak v. Milam.]

The judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and GARDNER, JJ., concur.