(90 South. 315)

## WAINWRIGHT et al. v. MARBURY LUMBER CO. (3 Div. 441.)

(Supreme Court of Alabama. Oct. 27, 1921.)

1. Adverse possession ⊚⇉27 — Essentials to make prima facie case without color of title.

In order to make a prima facie case, for submission to the jury, of adverse possession without color of title, the party asserting it must adduce evidence directed to defining the area or areas so claimed to have been in actual possession for the period requisite to divest title.

2. Champerty and maintenance ⊚⇉7(1)—Trial ⊚⇉76—One objecting to deeds as champertous must establish prima facie basis of objection.

One objecting to the admission in evidence of deeds through which plaintiff traces his record title, on the ground they are void because lands described therein were adversely held at the time of their execution and delivery, has the burden of establishing, at least prima facie, the basis of the objection, and this should appear at the time the objection is taken; but such objecting party, if the evidence later affords prima facie justification of the objection, may obtain the benefit of the rule through appropriate requests for instruction of the jury.

Appeal from Circuit Court, Autauga County; F. Loyd Tate, Judge.

Ejectment by the Marbury Lumber Company against John B. Wainwright and others for the recovery of certain land. Judgment for plaintiff, and defendants appeal. Affirmed.

Gipson & Booth, of Prattville, for appellants.

The court erred in giving the affirmative charge. 38 Cyc. 1533, 1567, 1570; 134 Ala. 641, 33 South. 16; 5 Ala. 29; 205 Ala. 35, 88 South. 139. The court erred in admitting the deeds, as they were void as to appellants. 73 Ala. 537; 122 Ala. 323, 25 South. 204; 190 Ala. 566, 67 South. 234; 192 Ala. 188, 68 South. 353; 47 Ala. 637; 60 Ala. 582, 31 Am. Rep. 52; 151 Ala. 482, 44 South. 375. Adverse possession was sufficiently shown to require its submission to the jury. 98 Ala. 198, 13 South. 495; 16 Ala. 581; 54 Ala. 147; 159 Ala. 615, 48 South. 1033; sections 2476 and 2482, Code 1852.

Rushton & Crenshaw, of Montgomery, and Guy Rice, of Prattville, for appellee.

The adverse possession is limited to the lands actually occupied. 153 Ala. 493, 45 South. 159; 66 Ala. 332; 141 Ala. 451, 37 South. 799, 109 Am. St. Rep. 45; 128 Ala. 589, 29 South. 596. No acts of adverse possession are shown. 76 Ala. 128; 180 Ala. 109, 60 South. 139, Ann. Cas. 1915C, 1058; 84 Ala. 560, 3 South. 475, 5 Am. St. Rep. 393; 174 Ala. 137, 57 South. 377; 61 South. 299; 125 Ala. 391, 28 South. 84; 122 Ala. 367, 24 South. 999; 98 Ala. 81, 12 South. 782; 78 Ala. 61. The court did not err in admitting the deeds. 60 Ala. 582, 31 Am. Rep. 52; 71 Ala. 260.

McCLELLAN, J. [1] Statutory ejectment, instituted by appellee against appellant. The former appeal is reported in 202 Ala. 266, 80 South. 352. After reversal on that appeal, John B. Wainwright was stricken as a defendant, certain lands were eliminated, and defendants withdrew their disclaimer, and all pleaded the general issue. The record title to all the land claimed in the amended complaint was shown to be in the plaintiff. The defendants relied alone, upon adverse possession without color of title to expand an asserted actual possession beyond the area of actual occupancy as that possession is defined in the books. Chastang v. Chastang, 141 Ala. 451, 459, 37 South. 799, 109 Am. St. Rep. 45; McDaniel v. Tenn. Co., 153 Ala. 493, 497, 45 South. 159; Bowles v. Lowery, 181 Ala. 603, 607, 62 South. 107. In order to make a prima facie case, for submission to the jury, of adverse possession without color of title, the party asserting such adverse possession as the basis of his claim of title must adduce evidence directed to "defining" the area or areas so claimed to have been in actual possession for the period requisite to divest title. Bowles v. Lowery. supra. An examination of the whole evidence touching the defendants' assertion of title by adverse possession fails to disclose any evidential basis for the jury to conclude "possessio pedis of a definite, particular piece or area ·within that sued for." Bowles v. Lowery, supra. If it be conceded that any one or more of the defendants exercised acts of possession over parts of the land, still no issue for submission to the jury was projected thereby unless evidence tending to "define" the area or areas actually occupied was presented; and this condition to the creation of such an issue is not afforded by any evidence directed to the designation of the particular area or areas of which actual possession was taken and maintained by any one or more of the defendants. The plaintiff was therefore entitled to the general affirmative charge.

[2] There was no error in admitting, over defendants' objection, the several deeds through which plaintiff traced its record title to the lands in suit. The view of the defendants was that these conveyances were void because lands described therein were adversely held at the time of their execution and delivery. At the stage of the trial this objection was taken, there was no evidence of the basis for the objection. The burden of establishing, at least prima facie, the basis of the objection, was upon the objector.

⊚⇉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

First Nat. Bank v. Johnson, 190 Ala. 566, 568, 67 South. 234. Had the evidence later afforded prima facie justification of the objection, the benefit of the rule of law relied upon could and should have been claimed through appropriate requests for instruction of the jury. Moreover, as already stated, the evidence was wholly insufficient in its essential effect of indicating, when referred to any point of time, the particular, definite area or areas claimed by defendants to have been adversely held. The sporadic cutting of timber shown by this evidence without sufficient evidential reference of such acts to any definite, particular area, was insufficient to institute an issue of fact requiring the jury's decision. Chastang v. Chastang, supra.

There are matters of practice suggested against review of the subjects treated and decided. The view prevailing renders unimportant the consideration of these suggestions.

The judgment is affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.