145 So. 314

**GENERAL CONST. CO. et al. v. ROSS et al.**

**8 Div. 307.**

Supreme Court of Alabama.

Dec. 22, 1932.

Rehearing Denied Jan. 19, 1933.

Leader & Ullman and John D. Hill, all of Birmingham, for appellants.

Street & Bradford, of Guntersville, for appellees.

BOULDIN, J.

This cause consists of five distinct appeals from judgments rendered severally in favor of interveners in a suit on a bond given under the highway statutes for the construction of the Toll Bridge at Guntersville, pursuant to the State Bridge Corporation Act. Code 1928, §§ 1389(5)–1389(18).

The intervention suits were against the General Construction Company, the principal, and Fidelity & Deposit Company of Maryland, surety on the bond.

Judgments were rendered against both, and it appears from the certificates of appeal that both appealed. The surety only gave supersedeas bonds; a separate bond in each case. Appearance was entered here by the co-appellant on submission. Assignments of error are made by the surety only.

Several questions are argued in brief for appellant going to the question of liability of defendants, especially the surety, for the demands sued upon, such as these: Is the surety liable for salary due from the contractor-principal to its own officers sent down from St. Louis, the home office, to personally superintend the construction work? Are salaries or wages due for superintendence of construction within the coverage of the statutory bond? Were certain expense accounts for personal outlays of these officers in the procurement of alleged materials and supplies for their company proper charges? Were assignments of the claims of the parties from whom materials or supplies were purchased necessary?

We must hold none of these matters are presented for review. The record does not disclose that any of these matters were raised in the lower court. The evidence touching the several demands was all introduced without objection, except as to certain specific items in one or more of the accounts, and the record shows all such items were withdrawn during the trial.

The hearing was, by consent, had before the trial judge without a jury.

In the case of Starling Perkins, intervener, there was a joint plea by both defendants, in short by consent, by way of set-off, a note given by plaintiff, intervener, to the defendant General Construction Company, the principal in the bond. A replication by intervener in short by consent permitted him to introduce any evidence, which, if well pleaded, would be a good reply to the plea of set-off.

Such note for a sum in excess of the intervener's claim was offered in evidence by defendants, and objection thereto was sustained. This ruling is assigned as error by the surety, appellant.

It appears the trial court sustained the objection on the ground that the note was given for stock in General Construction Company, purchased in Alabama, in violation of the Blue Sky Law of Alabama. Code 1928, §§ 9877–9900.

Appellees point out that the bill of exceptions does not affirmatively purport to set out all the evidence. In this state of the record we cannot review such ruling. For all that appears, there may have been other evidence produced which would bring the case within section 9879 of the Code, in view of the placement of the burden of proof by section 9881 of the Code.

52

A similar matter of set-off was presented by the claim of Fred L. Bridges, intervener, with like result.

It appears the stock note given by this intervener was in an Arkansas transaction, and the Blue Sky Laws of that state were introduced, but they do not appear in the record. It affirmatively appears, therefore, that not all the evidence considered by the trial court is before us.

It follows that each of the several judgments rendered in favor of appellees, viz., Starling Perkins, Fred L. Bridges, B. E. W. Stout, E. A. Curtis, and Genevieve (Everhardt) Daniels, from which separate appeals were taken, must be, and they are hereby, severally affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.