26 So.2d 80

## COFFEE v. KEETON.

8 Div. 326.

Supreme Court of Alabama.

May 16, 1946.

W. A. Barnett, of Florence, for appellant.

John D. Rather, Jr. and W. H. Shaw, both of Tuscumbia, for appellee.

SIMPSON, Justice.

The action was in the nature of ejectment and the plaintiff recovered a judgment for the property sued for, together with $300 damages for detention.

The defendant, who appeals, made no appearance and on trial of the case a judgment by default "for the land sued for and described in the complaint (describing it)" was duly entered. A writ of inquiry to determine and assess the damages for detention was ordered and on hearing the evidence the jury returned a verdict in favor of the plaintiff for the stated sum.

We cannot accord with counsel's contention that there was no judgment by default because the jury's verdict also included an award to the plaintiff of the property sued for. The fact that the verdict disregarded the instruction of the trial court to this extent and embodied this superfluous finding in addition to the award of damages for detention could in no way detract from the dignity and effect of such judgment. The judgment was in all respects one by default against the defendant, adjudging the plaintiff to be entitled to the property in litigation.

The argument is made that error intervened because there was no proof, against the defaulting defendant .in possession, of the legal title of the plaintiff to the property.

Ordinarily, to establish, prima facie, a right of recovery the plaintiff must exhibit a regular chain of title from some grantor in possession or the United States Government. Ashurst v. Arnold-Henegar-Doyle Co., 201 Ala. 480, 78 So. 386; First Nat. Bank v. Johnson, 190 Ala. 566, 67 So. 234; Hines v. Chancey, 47 Ala. 637.

The judgment in the instant case being one by default, the principle is not · controlling, as under the statute such a judgment is an admission of title in the plaintiff and proof thereof is unnecessary. Code 1940, Title 7, § 951.

The remaining argument deals with evidentiary matters, such as the alleged lack of proof to sustain a recovery of the entire tract of land, and the insufficiency of proof to support the recovery of damages.

The first contention is answered, of course, by the fact that the judgment by default was an admission of title in the plaintiff to the property described in the complaint, and this description was entirely sufficient under our authorities to support the judgment. Hughes v. Allen, 229 Ala. 467, 158 So. 307, and cases cited. And as to the latter, though it appears there was testimony to sustain the award of damages, the question is not presented for review since no ruling of any kind was invoked in the lower court to invite our consideration. General Construction Co. v. Ross, 22¢Ala. 51, 145 So. 314; Yarbrough v. Armour & Co., 31 Ala.App. 287, 15 So. 2d 281.

The judgment appears in all respects valid and is affirmed.

Affirmed.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.