CHARLES W. CARSWELL v. TOWN OF MORGANTON, A MUNICIPAL CORPORATION.

(Filed 29 October, 1952.)

**1. Adverse Possession § 9b—**

   Presumptive possession to the outermost boundaries of a tract of land can arise only when claimant goes into possession under color of title, and in the absence of color the possessor cannot acquire title to any greater amount of land than that which he actually occupies for the statutory period.

**2. Adverse Possession § 5—**

   Claimant by adverse possession must show possession of a definite area of land which can be located within certain and identifiable boundaries.

**3. Adverse Possession § 19—**

> Plaintiff claimed that his predecessor in title went into possession of two tracts of land through a tenant who possessed both tracts of land for at least twenty years without color of title. Plaintiff's evidence tended to show that the tenant actually occupied only a few acres of one of the tracts, without evidence tending to describe, identify, or locate the particular land actually occupied. *Held:* Nonsuit was properly entered.

APPEAL by plaintiff from *Sink, J.,* at June Term, 1952, of BURKE.

Civil action to quiet title to realty.

The complaint alleges that the plaintiff, Charles W. Carswell, owns two adjoining parcels of land, namely, a 51-acre tract and a 49-acre tract, in the South Mountains of Burke County, and that the defendant, the Town of Morganton, claims some estate or interest in them adverse to him. The complaint prays that the plaintiff's title be quieted as against such claim. The answer denies the material averments of the complaint. In addition, the answer asserts that the defendant owns the lands described in the complaint, and that the plaintiff claims some estate or interest in them adverse to the defendant. It asks for judgment quieting the defendant's title as against plaintiff's claim.

The plaintiff lays claim to the lands in dispute on the theory that Joel Walker, acting through his tenants, adversely possessed both tracts for at least twenty years without color of title; that after such possession had ripened into title, Joel Walker died testate, devising both tracts to his wife, Caroline Walker; and that Caroline Walker thereafter died intestate, leaving both tracts to her only heir, the plaintiff.

The plaintiff presented evidence at the trial sufficient to show the matters summarized in the numbered paragraphs set forth below.

1. Outer boundaries of the two tracts are delimited by corner and line trees bearing "very old" hacks.

2. Mrs. Winnie Chapman and her son, John Chapman, resided in a dwelling house, which formerly stood on the 51 acre tract, "for 20 or 25 years" next preceding 1922. They "farmed . . . about 15 or 20 acres . . . on both tracts" during each of these years. But they did not exercise physical acts of dominion over any portions of the two tracts except those covered by the dwelling-house and its curtilage and the fields cultivated by them.

3. Mrs. Winnie Chapman and John Chapman occupied the lands in controversy to the extent set forth above as tenants of Joel Walker, who claimed title in fee to all of it.

4. Neither Joel Walker nor any person claiming under him was in the actual occupancy of any part of either tract at any time after 1921.

5. Joel Walker died testate subsequent to 29 September, 1925. His will was drafted by Squire Waits A. Cook, a highly respected magistrate

of Burke County, who placed the testamentary character of the instrument beyond dispute for all time by causing Joel Walker to subscribe this subjoined declaration: "It is understood that this will is not to go into effect until after my decease."

6. The will of Joel Walker bears the caption "North Carolina, Burke County," and contains this provision: "I give and devise to my beloved wife Caroline Walker the tracts of land on which I now reside containing 250 acres more or less for her natural life in satisfaction of all dower. This tract known as the Wilson land also a tract known as the Bob tract. In fact I bequeath unto her all of my real estate that is in this County."

7. The lands in controversy are not included within the boundaries described in the will as the Wilson land and the Bob tract. The plaintiff contends that they passed to Caroline Walker under this clause: "In fact I bequeath unto her all of my real estate that is in this County."

8. Caroline Walker died intestate subsequent to 31 July, 1942, survived by an only heir, namely, the plaintiff, her son by a marriage which antedated her union with Joel Walker.

9. There are now no indications on the ground of the boundaries of the portions of the property in controversy once embraced by the dwelling-house and its curtilage and the fields cultivated by Mrs. Winnie Chapman and her son, John Chapman.

When the plaintiff had produced his evidence and rested his case, the defendant moved to dismiss the action upon a compulsory nonsuit. The trial judge allowed the motion, and entered judgment accordingly. The plaintiff excepted and appealed, assigning the entry of the involuntary nonsuit as error.

*Mull, Patton & Craven for plaintiff, appellant.*
*John H. McMurray for defendant, appellee.*

ERVIN, J. This question arises at the threshold of the appeal: Does the plaintiff's evidence suffice to show that his supposed predecessor, Joel Walker, acting through tenants, acquired title to all the land embraced within the boundaries of the tracts in controversy by twenty years adverse possession under known and visible lines and boundaries within the purview of the statute codified as G.S. 1-40?

This question must be answered in the negative for the very simple reason that there can be no constructive possession by one holding land adversely unless he holds under color of title.

An adverse possessor of land without color of title cannot acquire title to any greater amount of land than that which he has actually occupied for the statutory period. *Land Co. v. Potter,* 189 N.C. 56, 127 S.E. 343; *Rhodes v. Ange,* 173 N.C. 25, 91 S.E. 356; *Anderson v. Meadows,* 162

N.C. 400, 78 S.E. 279; *May v. Manufacturing Co.,* 164 N.C. 262, 80 S.E. 380; *Berryman v. Kelly,* 35 N.C. 269; 2 C.J.S., Adverse Possession, section 181. He cannot enlarge his rights beyond the limits of his actual possession by a claim of title to other land abutting that which he actually occupies, even though such other land may be defined by marked boundaries. *Logan v. Fitzgerald,* 87 N.C. 308; *Bynum v. Thompson,* 25 N.C. 578.

The reason for the rule restricting one who holds adversely without color of title to the amount of land actually occupied by him was well stated by that great jurist, *Chief Justice Ruffin,* more than a century ago. He said: "But the question is, what is possession for that purpose? Plainly, it must be actual possession and enjoyment. It is true, indeed, that if one enters into land under a deed or will, the entry is into the whole tract described in the conveyance, *prima facie,* and is so deemed in reality, unless some other person has possession of a part, either actually or by virtue of the title. But when one enters on land, without any conveyance, or other thing, to show what he claims, how can the possession by any presumption or implication be extended beyond his occupation *de facto?* To allow him to say that he claims to certain boundaries beyond his occupation, and by construction to hold his possession to be commensurate with the claim, would be to hold the ouster of the owner without giving him an action therefor. One cannot thus make in himself a possession, contrary to the fact." *Bynum v. Thompson, supra.*

Inasmuch as Joel Walker had no color of title to the two tracts, his claim to ownership of the 100 acres included within their outer boundaries did not extend his possession or his rights an inch beyond the dwelling and the curtilage actually occupied by his tenants and the 15 or 20 acres actually cultivated by them. As a consequence, the plaintiff's evidence is insufficient to establish possession by Joel Walker's tenants of all the land involved in this action for the statutory period. Indeed, the testimony does not warrant a verdict that Joel Walker acquired title by adverse possession to the parts of the land actually occupied by his tenants. This is so because the evidence does not describe, identify, or locate these parts of the property as definite areas of land. *Wainwright v. Marbury Lumber Co.,* 206 Ala. 559, 90 So. 315; *Maney v. Dennison,* 110 Ark. 571, 163 S.W. 783; *Weston v. Morgan,* 162 S.C. 177, 160 S.E. 436. The defective state of the testimony in this respect is undoubtedly due to changes made on the land by the passing years.

These considerations show that the allowance of the motion for a compulsory nonsuit was proper. For this reason, we do not rule on the question whether Caroline Walker took a fee or a life estate in any real property which may have passed to her under this clause of the will: "In fact I bequeath unto her all of my real estate that is in this County."

The judgment dismissing the action upon an involuntary nonsuit is Affirmed.