INGRAM, Judge.
This case involves a question concerning the jurisdiction of the circuit court. In July 1987, Houston and Brenda Lindsey (plaintiffs) filed a complaint in the Circuit Court of Marshall County against J.P. and June Jetton (defendants). The complaint alleged that the plaintiffs are the legal owners of a certain piece of property situated in Marshall County, pursuant to a clerk’s deed executed May 28,1987. The complaint further alleged that the defendants were in possession of the property and were unlawfully withholding the property from the plaintiffs. The plaintiffs requested immediate possession of the land, together with the sum of $10,000 in damages for the detention of the property and costs.
In October 1987, the trial court granted the plaintiffs’ motion for summary judgment and awarded possession of the property to the plaintiffs. The defendants then appealed to this court, contending that the circuit court did not have jurisdiction in this action.
The defendants argue that the complaint filed in the circuit court was an unlawful detainer action and should have been filed in the district court. The plaintiffs contend, however, that the action was an ejectment action and was properly before the circuit court.
Section 6-6-280, Ala.Code 1975, contains the elements which must be pleaded in an action of ejectment. This section states:
“and the complaint is sufficient if it alleges that the plaintiff was possessed of the premises or has the legal title thereto, properly designating or describing them, and that the defendant entered thereupon and unlawfully withholds and detains the same. This action must be commenced in the name of the real owner of the land or in the name of the person entitled to the possession thereof, though the plaintiff may have obtained his title thereto by a conveyance made by a grantor who was not in possession of the land at the time of the execution of the conveyance thereof. The plaintiff may recover in this action mesne profits and damages for waste or any other injury to the lands, as the plaintiff’s interests in the lands entitled him to recover, to be computed up to the time of the verdict.”
The complaint filed in the circuit court here meets the criteria of § 6-6-280. It averred that the plaintiffs were suing to gain possession of certain land and set forth a description of the land. Further, as noted above, it stated that the plaintiffs were entitled to possession of the land by virtue of a clerk’s deed and that the defendants were unlawfully detaining such land. The action was commenced by the plaintiffs, the party entitled to possession of the land, and the complaint demanded damages in the amount of $10,000 for the unlawful detention of the property. Therefore, the complaint, although not labeled as such, was clearly an action in ejectment and not an unlawful detainer action. Earnest v. First Federal Savings & Loan Association of Alabama, 494 So.2d 80 (Ala.Civ.App.1986). Therefore, it was not required by statute to be filed in the district court, see § 12-12-30, Ala.Code 1975, and was properly before the circuit court.
*1020 This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.