A. E. PARSONS v. JOHN L. ROPER LUMBER COMPANY AND CHARLES LEWIS.

(Filed 23 November, 1938.)

Trespass to Try Title § 3—Held: Plaintiff's evidence failed to show location of land under State grant with sufficient certainty.

In this action to recover damages for trespass in cutting and removing timber, plaintiff introduced in evidence a copy of a State grant and connected himself with it, *prima facie,* but none of the trees called for as marking the beginning or other corners remained, there were no vestiges of marked trees at any point of the survey, and none of the corners were pointed out by person who professed to know them, and the natural objects which served to point out the location of the corners and former landmarks in a general way extended great distances and failed to point out any of the corners with reasonable certainty. *Held:* Plaintiff's evidence of the location of the land claimed by him was insufficient to be submitted to the jury, and defendants' motion to nonsuit should have been allowed.

APPEAL of defendants from *Frizzelle, J.,* at June Term, 1938, of CARTERET. Reversed.

Statement of facts is made in the opinion.

*William Dunn and Ward & Ward for plaintiff, appellee.*

*W. B. Rodman, J. F. Duncan, and L. I. Moore for defendants, appellants.*

SEAWELL, J.   The plaintiff sued to recover damages of the defendants for trespass in cutting and removing timber from his land.

In an endeavor to show the ownership of the lands in which the alleged trespass was committed, plaintiff's evidence was sufficient, we think, to connect himself, *prima facie,* with the original grant set out in the complaint and introduced in evidence.   But his attempt to locate that grant sufficiently well to be of service to him in covering the *locus* of the trespass was not so successful.

The grant reads as follows:

"Thomas Parsons                              640 Acres
 Craven County                               Dated December 22, 1768

---

## COPY OF GRANT

"311

"THOMAS PARSONS: 640 acres Craven on the So. side of Neuse River and on the Ws. side of Tornigan Bay Beginning at a pine on the So. side of one of the prongs of a Creek called Broad Creek and from thence crossing the head of said Creek into the main dismal So. 55 Ws. 240 po; then So. 35 Et. 340 po; then No. 55 Et. 240 po; to a pine at the marsh above Thomas Nelson's Hammock then down Tornigan Bay No. 10 Et. 200 po; and from thence to the beginning dated 22d December, 1768.                                          Wm. Tryon."

It developed during the trial that none of the trees called for as marking the beginning or other corners remain, and there are no vestiges of marked trees at any point of the survey.   There are certain natural objects which serve to point out the location of corners and former landmarks in a general way: A spur of Broad Creek, the Great Dismal, Tornigan's Bay.   But these are too remote and the relation too indefinite to mark, with any degree of accuracy, the location or point intended. For instance, Nelson's Hammock is strung along the bay for several hundred yards and is perhaps a mile across the bay from the point in the survey to which it refers.   The Great Dismal is a vast area, and the beginning corner may be placed up or down the spur of Broad Creek at will.   None of the corners, lines, or points on the survey were pointed out by persons who professed to know them, and the best that can be said is that the polygonal figure representing the survey seems to be so placed

in relation to the spur of Broad Creek, the Great Dismal, the marsh at Tornigan's Bay, and Nelson's Hammock, as to be persuasive of an approximate location.

There was strong insistence on the part of C. T. Parsons, son of the plaintiff, that he had found the proper beginning point by running the last two calls in the deed both ways. But he said he did not know where the beginning was, and as the other calls upon which he depended were not marked, and he did not profess to know them, the information given the surveyor by him must have been arbitrary.

In the opinion of the Court the evidence as to location was insufficient to go to the jury, and since ownership of the lands upon which the trespass was alleged to have been committed was dependent on this, the defendants' motion for nonsuit should have been allowed.

The judgment is
Reversed.