F. R. ANDREWS and CHARLOTTE H. ANDREWS v. CLAY L. BRUTON.

(Filed 13 April, 1955.)

**1. Pleadings § 24—**

Recovery must be based on the case made out by the allegations of the complaint, and proof without allegation is as ineffective as allegation without proof.

**2. Trial § 23f—**

When there is material variance between allegation and proof, motion for judgment as of nonsuit will be allowed.

**3. Trespass to Try Title § 3—**

In an action to recover for trespass on lands by the cutting and removal of timber therefrom, defendant's denial of plaintiffs' title places the burden upon plaintiffs to establish both their title and defendant's trespass, and where plaintiffs' proof of ownership relates to a description of the property not alleged in the complaint, but at variance therewith, nonsuit should be entered for material variance and for lack of jurisdiction.

**4. Same—**

In an action to recover for the wrongful cutting and removal of timber from land claimed by plaintiffs, plaintiffs must locate the land by fitting the description in their deeds to the earth's surface, regardless of whether they rely upon their deeds as proof of title or color of title, G.S. 8-39, or, in the absence of title or color of title, they are required to establish the known and visible lines and boundaries of the land actually occupied by them for the statutory period.

**5. Trespass to Try Title § 4—**

When one wrongfully enters upon the land of another and cuts trees therefrom, the owner of the land has an election of remedies, but when the owner elects to sue for the value of the timber alleged to have been converted by defendant, recovery cannot be had on the basis of the difference in the value of the land before and after the alleged trespass.

**6. Trespass to Try Title § 3—**

Plaintiffs alleged that defendant owned land adjoining their lands. There was a finding that beginning at the stake as claimed by defendant and running the boundaries of the tract of land claimed by defendant, the disputed area is included in the description of the lands claimed by the defendant in his answer. *Held:* The finding does not in effect establish defendant's title to the disputed area, but only that defendant claims it does.

**7. Trespass to Try Title § 2—**

Where, in an action for damages for wrongful cutting and removal of timber from land claimed by plaintiffs, defendant denies plaintiffs' title and alleges that defendant owned the described tract and that the timber cut by him was on this tract, and prays that he be adjudged the owner of the tract described in the answer, *held*, the answer amounts to a cross action to establish defendant's title to the tract described in the answer,

and when no determination is made either by the referee or the court of the issues raised by the answer, the defendant's cross action is still pending, and a new trial on the cross action will be ordered.

**8. Reference § 14i—**
Where on appeal to the Supreme Court from an order affirming the referee's report and judgment entered in accordance therewith in favor of plaintiffs in an action to recover for the wrongful cutting and removal of timber from lands claimed by plaintiffs, nonsuit is entered in plaintiffs' cause and a new trial is ordered on defendant's cross action to establish title; the findings of fact and conclusions of law of the referee are vacated.

BARNHILL, C. J., took no part in the consideration or decision of this case.

APPEAL by defendant from Rudisill, J., judgment entered 30 August, 1954, after hearing at July Term, 1954, of MONTGOMERY.

Action for damages for alleged wrongful cutting, removal and conversion by defendant of plaintiffs' timber.

Plaintiffs allege that defendant trespassed and cut timber on their tract of land in Pee Dee Township, Montgomery County, described in the complaint as follows:

"On the waters of upper Richland Creek adjoining the lands of R. Bruton (formerly) and Mrs. Gaines. BEGINNING at the second corner of Lot No. 2 stake, two red oaks, post oak and dogwood pointers and runs N 85 poles to a stake, three blazed pines, thence West 85 poles to the beginning of Lot No. one, post oak and red oak pts.; thence South 86½ East 67 poles to the BEGINNING, containing 35 acres, more or less."

Answering, defendant denied plaintiffs' title to the land described in the complaint; and, by way of further answer and defense, averred that defendant owned a described tract containing 100 acres, more or less, "Except a lappage of about 20 acres taken off by James Livingston Estate," and that the timber cut by him was on defendant's said tract. Defendant prayed that he be adjudged the owner of the tract described in the answer.

A court survey was made, showing the respective contentions of the parties.

The parties consented to a reference. After hearing, the referee filed his report, setting forth his findings of fact and conclusions of law. Defendant excepted to findings of fact numbered 4, 5, 7, 8, 9, 10, 11 and 12 and to all conclusions of law. At July Term, 1954, the cause came on before Rudisill, J., then presiding, upon defendant's exceptions to, and upon plaintiffs' motion for confirmation of, the referee's report. It was stipulated that judgment might be rendered out of term and out of the county. On 30 August, 1954, Judge Rudisill, adopting the findings of fact and conclusions of law made by the referee, entered judgment in accordance therewith in favor of plaintiffs.

It was adjudged, *inter alia,* that plaintiffs, as tenants in common, are the owners of the land, from which the timber was cut, shown on the court maps and described in the judgment as follows:

"BEGINNING at point numbered 1 in red and running thence south 85-00 east 1084, plus or minus, feet to point marked X in red; thence south 2-00 west 227.5, plus or minus, feet to point marked Y in red; thence north 87-00 west 1097.5 feet to point marked B in red; thence south 5-00 west 192 feet to beginning, point 1 in red. That this is the same area as that area indicated on Map number 2 prepared by Frank Clark shown in red lines lying between area 1 to X to Y to B to 1 on said Map number 2."

Defendant appealed, assigning errors.

*Garland S. Garris for plaintiffs, appellees.*
*David H. Armstrong for defendant, appellant.*

BOBBITT, J.   A plaintiff must make out his case *secundum allegata.* *Barnes v. Caulbourne,* 240 N.C. 721, 83 S.E. 2d 898.   There can be no recovery except on the case made by his pleadings. *Collas v. Regan,* 240 N.C. 472, 82 S.E. 2d 215.   Proof without allegation is no better than allegation without proof. *Messick v. Turnage,* 240 N.C. 625, 83 S.E. 2d 654.   When there is a material variance between allegation and proof, motion for judgment of nonsuit will be allowed. *Suggs v. Braxton,* 227 N.C. 50, 40 S.E. 2d 470.

The subject matter of which the court had jurisdiction extended only to the tract of land as described in plaintiffs' allegations. *Deans v. Deans,* 241 N.C. 1, 84 S.E. 2d 321, and cases cited.

It will be readily observed that the tract of land described in plaintiffs' allegations, if located, would be triangular in shape.   Plaintiffs made no attempt to locate their land in accordance with the calls alleged.

Plaintiffs undertook to establish ownership of Lot No. 3 in the division (1860) of the Edmund Andrews land, a quadrangular tract containing 35 acres, more or less.   But plaintiffs' allegations do not describe said Lot No. 3, nor do they incorporate by reference a description thereof as set forth in any deed, map or land division.   Finding of fact No. 1 was that the deeds under which plaintiffs claim convey to them "the lands described in the complaint."   Hence, we refrain from discussing either the competency or the sufficiency of the evidence offered by plaintiffs for the purpose of locating (1) the boundaries of the Edmund Andrews tract, (2) the boundaries of said Lot No. 3, and (3) the boundaries of the area where the timber was cut within said Lot No. 3.

Both for lack of jurisdiction and for material variance between allegation and proof, defendant's motion for judgment of nonsuit should have been allowed.

It seems appropriate to call attention to certain well-established rules. Their allegations as to title having been denied, it was incumbent upon plaintiffs to establish both ownership and trespass. *Norman v. Williams,* 241 N.C. 732, 86 S.E. 2d 593, and cases cited. Whether relying upon their deeds as proof of title or of color of title, they were required to locate the land by fitting the description in the deeds to the earth's surface. G.S. 8-39; *Locklear v. Oxendine,* 233 N.C. 710, 65 S.E. 2d 673; *Parsons v. Lumber Co.,* 214 N.C. 459, 199 S.E. 626. In the absence of title or color of title, they were required to establish the known and visible lines and boundaries of the land actually occupied for the statutory period. *Carswell v. Morganton,* 236 N.C. 375, 72 S.E. 2d 748.

It is well to note that no issue of title was involved in *Newkirk v. Porter,* 240 N.C. 296, 82 S.E. 2d 74. The sole issue was the location of the true dividing line between adjoining owners. Such is not the case here. Here defendant explicitly denied plaintiffs' title.

Attention is directed to the fact that plaintiff sued for the value of the timber alleged to have been converted by defendant to his own use. However, the damages awarded by the judgment are based on the difference in value of the 35 acre tract, being said Lot No. 3, before and after the alleged trespass. When one wrongfully enters upon the land of another and cuts trees thereon, the owner of the land has an election of remedies. *Williams v. Lumber Co.,* 154 N.C. 306, 70 S.E. 631; *Brady v. Brady,* 161 N.C. 324, 77 S.E. 235; *Cedar Works v. Lumber Co.,* 161 N.C. 603, 77 S.E. 770; *Blevens v. Lumber Co.,* 207 N.C. 144, 176 S.E. 262; *Bunting v. Henderson,* 220 N.C. 194, 16 S.E. 2d 836. Damages recoverable by plaintiffs, if any, would have to be determined on the basis therefor as alleged. *Nebel v. Nebel,* 241 N.C. 491, 85 S.E. 2d 876; *Dobias v. White,* 240 N.C. 680, 83 S.E. 2d 785.

Plaintiffs alleged that defendant owned land adjoining their lands on the north. Defendant admitted that he owned the land adjoining on the north the land *claimed* by plaintiffs but denied plaintiffs' title.

Defendant assigns as error the refusal of the court to enter judgment establishing defendant's ownership of the tract of land described in the answer. He bases his position upon finding of fact No. 6, to which no exception was taken, viz.: "According to the Clark survey in this action, beginning at the iron stake corner No. 1 on Map No. 2, pointed out by the defendant and claimed by him as his southwest corner, and running the boundaries of the tract of land claimed by defendant, the disputed area shown on Map No. 2 is included in the description of the

lands claimed by the defendant in his answer." Defendant argues that since plaintiffs alleged that defendant owned the land adjoining plaintiffs' on the north and since the boundaries of defendant's tract *as claimed* by him include the area where the timber was cut, this in effect established defendant's title to the disputed area. This is a *non sequitur*. The quoted finding does not establish defendant's ownership of the land comprising the disputed area, but only that defendant claims it does.

Defendant offered evidence bearing upon the location of the tract described in the answer. Neither the referee nor the court made specific findings of fact bearing upon defendant's evidence and contentions as to the location of his boundaries.

It is noted that the location of the lappage "of about 20 acres taken off by James Livingston Estate," specifically excepted from the boundaries described in the answer, is not shown.

Treating the defendant's answer as alleging a cross action to establish his ownership of the tract of land described therein, we note that no determination was made either by the referee or by the court of the issues raised thereby. Hence, defendant's cross action is still pending; and the cause must go back to the Superior Court for trial thereof. Plaintiffs may move for leave to file amended pleadings, if so advised.

For reasons stated, the judgment of the court below is reversed as to plaintiffs' action, and a new trial on defendant's cross action is ordered. This disposition vacates the findings of fact and conclusions of law of the referee.

As to plaintiffs' action: Reversed.

As to defendant's cross action: New trial.

BARNHILL, C. J., took no part in the consideration or decision of this case.