LURANIA M. MIDGETT, NORA M. HERBERT, ELLERY C. MIDGETT, BETHANY M. GRAY, HERBERT MIDGETT, DALLAS MIDGETT, ELIZA M. EDWARDS, ROWENA MIDGETT, JOHN A. MIDGETT, MARTHA TOWNSEND, PHOEBE HAYMAN, ADDIE MATHIS, NATALIE MAN-DELL AND BEVERLY MIDGETT v. ARETTA MIDGETT

No. 691DC238

(Filed 18 June 1969)

1. **Ejectment § 7— issues of title and trespass — burden of proof**

   In action in ejectment to try title, where the plaintiffs' allegations as to their title and the trespass of defendant are denied, it is incumbent upon plaintiffs to establish both the issue of ownership and the issue of trespass.

2. **Boundaries § 13— maps — contentions of litigants**

   It is highly desirable in the trial of a lawsuit involving the location of disputed boundary lines to have one map showing thereon the contentions of all the parties.

3. **Appeal and Error § 24— form of exceptions**

   Exceptions which appear nowhere in the record except under the purported assignments of error will not be considered. Court of Appeals Rule No. 21.

4. **Ejectment § 9— competency of evidence — maps**

   In action in ejectment, a map prepared by the witness, a surveyor, of the land in controversy is competent evidence to illustrate the testimony of the witness as to the location of the land.

5. **Appeal and Error § 45— the brief — discussion of assignment of error**

   Assignment of error not set out in appellant's brief and in respect of which no reason or argument is stated or authority cited will be deemed abandoned. Court of Appeals Rule No. 28.

MIDGETT *v.* MIDGETT

**6. Appeal and Error § 24— numbering of exceptions**

Exceptions not properly numbered as required by Court of Appeals Rule No. 21 are ineffectual.

**7. Trial § 33— instructions — statement of evidence — waiver**

Even though the parties waive a recapitulation of the evidence, such waiver does not relieve the judge of the duty to state the evidence of the respective parties to the extent necessary to enable him to explain the application of the law thereto. G.S. 1-180.

**8. Trial § 32— instructions — compliance with G.S. 1-180**

The parties are not required to make a request that the judge comply with G.S. 1-180.

**9. Trial § 33— instructions — statement of evidence**

Although trial judge in his charge stated that in the absence of a specific request he would not attempt to review the evidence, no prejudicial error is shown where it appears from a review of the charge as a whole that the judge did recapitulate the evidence to the extent necessary to enable him to explain the applicable law.

**10. Ejectment § 10— action in ejectment — instructions on title**

Where plaintiffs in ejectment action sought to show title to the land in question by possession under a record title, any errors in the charge with respect to defendant's title are not prejudicial to plaintiffs, unless some error was made relating to plaintiffs' title.

**11. Ejectment § 10— action in ejectment — plaintiffs' superior title — instructions**

Where plaintiffs in ejectment action sought to show title to the lands in question by possession under a record title, plaintiffs cannot complain of instructions to the effect that (1) plaintiffs' title is superior or better than defendant's title and (2) the jury should answer the issue of plaintiffs' ownership in the affirmative if plaintiffs have satisfied them that the land in question was the land described in plaintiffs' deed, since the instructions were more favorable to plaintiffs than they were entitled.

**12. Ejectment § 10— action in ejectment — proof — description in deed**

In an ejectment action, a plaintiff must offer evidence which fits the description contained in his deeds to the land claimed.

APPEAL by plaintiffs from *Privott, J.,* December 1968 Civil Session of the District Court of DARE County.

This action in ejectment was instituted on 22 November 1967 by plaintiffs claiming ownership and right to possession of a tract of land containing approximately ten acres located on the shore of Pamlico Sound on Hatteras Island at the Village of Rodanthe. Plaintiffs allege that defendant has and is continuing to trespass on said lands. Plaintiffs requested a jury trial.

Defendant filed answer denying plaintiffs' title and right to possession and asserted that the lands described in the complaint "now lie in Pamlico Sound." By way of further answer and defense defendant asserted she owns and is and has been since September 27, 1940 in the "open, actual notorious, exclusive, uninterrupted, peaceable and adverse possession" of a tract of land formerly owned by and known as the Edward Paine Tract and "(t)hat should any portion of the land described in the complaint and alleged to be owned by plaintiffs be a part of the Edward Paine Tract as described above, which defendant denies, then the provisions of G.S. 1-38, adverse possession under color of title, is specifically pleaded as a bar to plaintiff's action." In the prayer for relief defendant does not ask that she be declared the owner of and entitled to the possession of the lands described in her answer although she does pray for "such other and further relief as to the Court may seem just and proper."

Without objection issues were submitted to and answered by the jurors as follows:

"1. Are the plaintiffs the owners of the land lying within the boundaries A-B-E-F as shown on plaintiffs' map?

ANSWER:  No

2. Is the defendant the owner of the lands lying within the boundaries A-B-E-F as shown on plaintiffs' map?

ANSWER:  YES"

From the entry of a judgment holding, among other things, that the defendant "is the owner in fee simple of and entitled to the possession of the lands lying within the boundaries A-B-E-F as shown on plaintiffs' map, marked and identified in the record as Plaintiffs' Exhibit PX-1, . . .", plaintiffs assign error and appeal to the Court of Appeals.

*Leroy, Wells, Shaw & Hornthal by Dewey W. Wells for plaintiff appellants.*

*No Counsel and no Brief for defendant appellee.*

MALLARD, C.J.

[1]    In this action for the recovery of land and for trespass thereon the allegations of plaintiffs as to their title and the trespass of the defendant are denied. It was then incumbent upon plaintiffs to establish both the issue of ownership and the issue of trespass. *Locklear v. Oxendine,* 233 N.C. 710, 65 S.E. 2d 673, *Andrews v. Bruton,* 242 N.C. 93, 86 S.E. 2d 786.

In *Andrews v. Bruton, supra,* it is said:

"It seems appropriate to call attention to certain well-established rules. Their allegations as to title having been denied, it was incumbent upon plaintiffs to establish both ownership and trespass. *Norman v. Williams,* 241 N.C. 732, 86 S.E. 2d 593, and cases cited. Whether relying upon their deeds as proof of title or of color of title, they were required to locate the land by fitting the description in the deeds to the earth's surface. G.S. 8-39; *Locklear v. Oxendine,* 233 N.C. 710, 65 S.E. 2d 673, *Parsons v. Lumber Co.,* 214 N.C. 459, 199 S.E. 626. In the absence of title or color of title, they were required to establish the known and visible lines and boundaries of the land actually occupied for the statutory period. *Carswell v. Morganton,* 236 N.C. 375, 72 S.E. 2d 748."

Notwithstanding the allegation in the complaint that plaintiffs owned the ten-acre tract described therein and the defendant's denial of that allegation, the parties at the trial apparently by stipulation narrowed the dispute to the question of the ownership of the land described on "plaintiffs' map" within the letters A-B-E-F. Such a stipulation appears in the charge of the court. Appellants in their brief state, "The controversy is narrowed to ownership of the land A-B-E-F on plaintiffs' map as stated in the charge." In plaintiffs' brief it is also stated, "It was stipulated that E-F represents the south boundary of defendant's claim." Plaintiffs and defendant claim title from a common source.

[2] It is highly desirable in the trial of a lawsuit involving the location of disputed boundary lines to have one map showing thereon the contentions of all the parties. When one map shows the contentions of one party and not the other, it is extremely difficult, and often impossible, to determine the contentions of the parties. In this case there were five maps introduced, none of which specifically show the contentions of the parties with respect to the location of the land they claim in relation to the land claimed by the opposing parties. However, the stipulations helped to clarify this confusion to some degree but not to any appreciable extent. One of the maps is drawn on a scale of 100 feet to the inch, two are drawn on a scale of 150 feet to the inch, one is drawn on a scale of 60 feet to the inch, and the other doesn't reveal on what scale it is drawn. When reading the legend on the maps, north is indicated to the reader's left on one, toward the bottom of the page on two of them, and toward the top of the page on the other two. None of the maps reveal that they

were prepared for the purpore of showing the contentions of the parties in this particular lawsuit.

**[3]** Assignment of error number 1 is based on exceptions numbered 1 through 13. Exceptions numbered 1, 2, 3, 4, 6, 7, 11, 12, and 13 do not appear anywhere in the record except under this assignment of error and therefore they will· not be considered. Rule 21 of Rules of Practice in the Court of Appeals. The Supreme Court has repeatedly held that exceptions not duly noted and appearing only under the purported assignments of error will not be considered. 1 Strong, N.C. Index 2d, Appeal and Error, § 24; *State v. Hewett,* 270 N.C. 348, 154 S.E. 2d 476.

**[4]** However, exceptions numbered 5, 8, 9, and 10 under assignment of error number 1 relate to the admission by the court of a map prepared by the witness Sinclair, a surveyor, and the testimony of the witness Sinclair as to the location of the lands in controversy and the lands shown on a map in a subdivision known as Holiday Shores. We think that the map of the Holiday Shores subdivision prepared by the witness Sinclair was competent evidence in this case to illustrate the testimony of the witness and that it was competent for the witness Sinclair to testify as to the location of the lands in controversy in relation to the Holiday Shores subdivision. In 25 Am. Jur. 2d, *Ejectment,* § 106, pp. 609-610 the rule is stated as follows:

> "The identity or location of the land may be shown by documentary evidence, such as plats, surveys, and field notes. A map made by a surveyor of the premises sued for and of other tracts adjacent thereto, when proved to be correct, is admissible to illustrate other testimony in the case and throw light on the location of the land in controversy; and a draft of a survey, proved to be correct, is admissible in evidence as explanatory of what the surveyor testified he had done in making the survey."

**[3]** Assignments of error numbered 2 through the two assignments of error numbered 5 in the record (the latter of which is numbered 6 in the brief) are based on exceptions numbered 14 through 19. These assignments of error and the exceptions on which they are based are not properly before us because these exceptions do not appear anywhere in the record except under the assignments of error. They will not be considered.

**[5]** Assignment of error number 7 is based on exception number 20. It is deemed abandoned because it is not set out in appellant's brief, and no reason or argument is stated or authority cited in sup-

MIDGETT *v.* MIDGETT

port thereof. Rule 28 of the Rules of Practice in the Court of Appeals.

**[6]** Assignment of error number 8 is based on exceptions 21 and 22. These exceptions are not presented because they are not properly numbered as required by Rule 21. There are no exceptions numbered 21 and 22 in this record on appeal other than under the purported assignment of error.

Plaintiffs requested the court, at the conclusion of the evidence, to charge the jury as follows:

> "In deliberating on your verdict you should not be influenced by what the effect of the verdict may be upon the continued ownership of the restaurant building. You should render your verdict in accordance with the facts and the applicable law and should your verdict be for the plaintiffs, the Court will then follow established procedure in determining the disposition of the building."

The court did not so charge, and the plaintiffs except. In their brief plaintiffs cite no authority for their position. Under the circumstances of this case, when the charge is read as a whole, we do not think that the failure of the trial judge to so instruct the jury resulted in prejudicial error to the plaintiff.

**[7-9]** Plaintiffs complain that the judge in his charge said, "In the absence of specific request, I shall not attempt to review the evidence which has been presented you." In the case of *Sugg v. Baker*, 258 N.C. 333, 128 S.E. 2d 595, the Supreme Court held that even though the parties waive a recapitulation of the evidence, such waiver does not relieve the judge of the duty under G.S. 1-180 to state the evidence of the respective parties to the extent necessary to enable him to explain the application of the law thereto. The parties are not required to make a request that the judge comply with the provisions of G.S. 1-180. The judge may not escape this duty imposed upon him by the statute, either by specific waiver of the parties, or by attempting to place the burden upon counsel to make such a request. If the judge had done what he said he was going to do and had not reviewed the evidence, he would have committed prejudicial error; however, after a careful review of the charge as a whole, we are of the opinion that the judge did recapitulate the evidence to the extent necessary to enable him to explain the applicable law.

The remainder of plaintiffs' assignments of error relate to the instructions given by the court to the jury and the submission of the second issue.

**[10]** Plaintiffs in order to recover had the burden of proving their title to the disputed area by any one of the various methods set out in *Mobley v. Griffin*, 104 N.C. 112, 10 S.E. 142. Plaintiffs sought to show title to the lands in question by possession under a record title. Unless some error was made in the trial relating to the first issue and plaintiffs' title, errors, if any in the charge with respect to defendants' title, would not seem prejudicial to plaintiff. *Paper Company v. Jacobs*, 258 N.C. 439, 128 S.E. 2d 818.

**[11, 12]** While the charge does not appear to be a model one, when viewed as a whole, it seems to be favorable to plaintiffs. The court instructed the jury in connection with the first issue, among other things:

> "As far as record title is concerned, the claim of the plaintiff and that of the defendant stems from the same source; namely, Edward Payne, Jr. and, as far as record title is concerned, the plaintiff's title to the land in question is superior or better than the defendant's title, since the deed under which the plaintiff's claim, recorded in Book C, page 91, Dare County Registry, was filed on June 25, 1888, and the deed under which defendant claims is recorded in Book 6, page 295, Dare County Registry, and was filed on November 4, 1926. . . . If the plaintiffs have satisfied you that the land in question is the land described in the deed, it would be your duty to answer the first issue yes. If they have not so satisfied you, it would be your duty to answer that issue no. If you answer the first issue yes, then that would end the lawsuit; if you answer the first issue no, then you would proceed to the second issue, . . ."

It can be seen that the judge expressed an opinion favorable to plaintiffs in telling the jury that plaintiffs' title was superior or better than defendants. The instruction that if the land in question was the land described in the deed that it would be the duty of the jury to answer the first issue yes was error in favor of the plaintiffs. "In an ejectment action a plaintiff must offer evidence which fits the description contained in his deeds to the land claimed. That is, he must show that the very deeds upon which he relies convey, or the descriptions therein contained embrace within their bounds, the identical lands in controversy." *Skipper v. Yow*, 238 N.C. 659, 78 S.E. 2d 600. Under the instructions of the court on the first issue, the jury was told that the plaintiffs' title to the land in question was superior or better than the defendant's and that if the land in question was the land described in the deed that they should answer the issue yes. The plaintiffs cannot complain because the instructions

were more favorable to them than they were entitled. The jury has found by its verdict that the land in controversy was not described in plaintiffs' deed. In order to recover plaintiffs must rely upon the strength of their own title.

We have carefully examined each of the assignments of error which the plaintiffs have brought forward. We do not find any error that is prejudicial to the plaintiffs.

No error.

BRITT and PARKER, JJ., concur.