JAMES A. TAYLOR AND WIFE, FRANKIE G. TAYLOR v. TRI-COUNTY ELECTRIC MEMBERSHIP CORPORATION

No. 708DC641

(Filed 30 December 1970)

Trespass to Try Title § 4— issue of plaintiff's ownership — sufficiency of evidence

> In plaintiff's action to recover damages resulting from defendant's wrongfully entering his land and destroying trees, plants and boundary stakes in order to string electric power wires, plaintiff's evidence was insufficient to establish his ownership of the land, the defendant having denied plaintiff's title, where plaintiff introduced his deed in evidence, pointed to a sketch of his property on a blackboard, and identified the iron stakes that set off the boundary of the property.

APPEAL by plaintiffs from Hardy, District Judge, June 1970 Session WAYNE County District Court.

Plaintiffs' complaint alleges that they are the owners of a certain parcel of land "situated in Indian Springs Township on S.R. 1932, which parcel of land is fully described in a deed recorded in the office of the Register of Deeds of Wayne County, North Carolina, in Book of Deeds No. 717 at page 318"; that on or about the first part of July 1969, defendant, through its agents and employees, entered upon the lands and premises of plaintiffs and destroyed trees, plants and boundary stakes, and dug holes and inserted therein poles over which they strung wires; that defendant left limbs and other debris on plaintiffs' land; that the cutting of the trees injured and damaged plaintiffs' land; that the poles and wires burden plaintiffs' land, are unsightly and greatly damaged the land; that the defendant wrongfully entered the land and will continue to trespass thereon and cause irreparable injury unless restrained; that defendant should pay damages in the amount of $500; they asked for damages in the sum of $500; for an order requiring defendant to remove the poles, wires and debris and restraining defendant from entering plaintiffs' land; for costs and attorneys' fees.

Defendant answered denying all the allegations of the complaint.

At the close of plaintiffs' evidence, defendant moved for a directed verdict "for that the plaintiff has failed to prove that the description in the deed offered in evidence covers the land on which the power line of the defendant is located." The motion was allowed and plaintiffs appealed.

*Dees, Dees, Smith and Powell, by William L. Powell, Jr., for plaintiff appellants.*

*Herbert B. Hulse and George F. Taylor for defendant appellee.*

MORRIS, Judge.

Plaintiff James A. Taylor presented the only evidence offered for plaintiffs. He identified plaintiffs' exhibit No. 1 as the deed to his property and testified that "it accurately describes my property." He then testified that he knew the boundaries, that an iron stake at each corner marks the boundaries. He pointed to a drawing on the blackboard and testified: "I made the marks that are on the blackboard now. This is Carraway

Creek. This here is State Road #1832. There's an iron stake at this point, this point, this point, and this point, and also this corner. At the time I bought my property in July, 1969, iron stakes were at this point, this point, this point, this point, this point, and at this point right here. My property was 220 feet wide on the road side. The depth of my property on the northern line was 700 feet." The witness later testified that he bought the property in July 1968. A copy of the deed sent up as an exhibit is dated 15 July 1968, so we assume that 1968 is the correct date.

Defendant contends this is not sufficient. We agree. In *Andrews v. Bruton,* 242 N.C. 93, 86 S.E. 2d 786 (1955), an action for damages for trespass and cutting timber, Bobbitt, J. (now C.J.), speaking for the Court, said:

> "It seems appropriate to call attention to certain well-established rules. Their allegations as to title having been denied, it was incumbent upon plaintiffs to establish both ownership and trespass. *Norman v. Williams,* 241 N.C. 732, 86 S.E. 2d 593, and cases cited. Whether relying upon their deeds as proof of title or of color of title, they were required to locate the land by fitting the description in the deeds to the earth's surface. G.S. 8-39; *Locklear v. Oxendine,* 233 N.C. 710, 65 S.E. 2d 673; *Parsons v. Lumber Co.,* 214 N.C. 459, 199 S.E. 626. In the absence of title or color of title, they were required to establish the known and visible lines and boundaries of the land actually occupied for the statutory period. *Carswell v. Morganton,* 236 N.C. 375, 72 S.E. 2d 748."

Here also defendant denied plaintiffs' title. Applying the well-established rules set out in *Andrews v. Bruton, supra,* it is obvious that plaintiffs' evidence is insufficient.

Affirmed.

Judges BROCK and VAUGHN concur.