STATE OF NORTH CAROLINA v. ELTON T. BARNES

No. 732SC345

(Filed 23 May 1973)

1. **Criminal Law § 161— exceptions not noted in record**

   Exceptions not duly noted in the record but appearing only under the purported assignments of error will not be considered. Court of Appeals Rule 21.

2. **Criminal Law § 166— reference in brief to numbered exceptions in record**

   Appellant must in his brief point out the numbered exception upon which he is relying and indicate upon what page of the printed record the exception may be found. Court of Appeals Rule 28.

3. **Criminal Law § 163— assignments of error to charge**

   An assignment of error to the charge should quote the portion of the charge to which appellant objects, and assignments based on the failure to charge should set out appellant's contention as to what the court should have charged, a mere reference in the assignment of error to the record page where the exception appears being insufficient.

4. **Narcotics § 4— possession of marijuana with intent to distribute — sufficiency of evidence**

   The State's evidence was sufficient for the jury in a prosecution for possession of more than 5 grams of marijuana with intent to distribute where it tended to show that a wildlife officer saw defendant and two others near two parked cars, that when the officer approached defendant walked into some woods carrying a cardboard box from which vegetable matter wrapped in green paper protruded and returned from the woods without the box, that defendant was barefooted, that 20 minutes later the wildlife officer and an S.B.I. agent followed prints of bare feet to a box containing a package of vegetable matter wrapped in green paper, and that the vegetable matter weighed more than two pounds and consisted of 50-60 percent marijuana.

APPEAL by defendant from *Tillery, Judge,* 8 November 1972 Session of WASHINGTON Superior Court.

Defendant was tried on a bill of indictment charging that on 22 July 1972 he did possess with intent to distribute an amount of marijuana in excess of five grams. Having been found guilty by a jury, defendant was sentenced to imprisonment for the term of not less than three nor more than five years.

The State's evidence tended to show the following: On the morning of 22 July 1972 James Ginn, an employee of the North Carolina Department of Conservation and Development, drove into a wooded area near Plymouth, North Carolina, on a dirt path. Upon leaving his car, he heard someone holler, "Watch out, it's a game warden." He then saw three persons standing near two automobiles. He also saw the defendant walking into the woods carrying a cardboard box out of which was protruding "a big bundle wrapped in a green type paper and it had a vegetable material sticking from it. One end of the package was torn open." Barnes, the defendant, was not wearing shoes; he was the only person that the witness noticed was barefooted. Barnes returned from the woods without the box.

Ginn returned to Plymouth, found an S.B.I. agent, and drove to the area again. He was gone about twenty minutes. They discovered prints of bare feet in the sand, followed the prints, and found a box containing a package wrapped in green paper, one end torn open, which package contained a vegetable material.

An S.B.I. chemist testified that he tested the vegetable material and found it to consist of about 50-60 percent marijuana. The package weighed more than two pounds.

*Attorney General Robert Morgan by Assistant Attorney General H. A. Cole, Jr., for the State.*

*Hutchins & Romanet by Robert Wendel Hutchins for defendant appellant.*

CAMPBELL, Judge.

Judgment was entered on 10 November 1972, at which time defendant gave notice of appeal. Defendant procured an order extending time to docket the appeal for an additional 30 days and thus had 120 days within which to docket the record on appeal with this Court, or until 12 March 1973. The record was

State v. Barnes

not filed with this Court until 19 March 1973. This did not comply with the rules of this Court.

[1] Additionally, defendant has recorded five assignments of error, only two of which are supported by exceptions duly noted in the record. Those two exceptions, however, are not properly numbered as required by Rule 21 of the Rules of Practice in the Court of Appeals. Exceptions not duly noted in the record, but appearing only under the purported assignments of error will not be considered. *Midgett v. Midgett,* 5 N.C. App. 74, 168 S.E. 2d 53 (1969).

[2] While the defendant did take exception to, and assigned as error, the trial court's failure to enter judgment as in case of nonsuit and to direct a verdict of not guilty, these exceptions are not preserved in the brief. Rule 28 requires the appellant, in his brief, to point out the numbered exception upon which he is relying and indicate upon what page of the printed record the exception may be found. *State v. McDonald,* 11 N.C. App. 497, 181 S.E. 2d 744 (1971).

[3] Further, although the defendant assigns as error a portion of the trial court's charge such assignment of error is defective not only because it is not based upon an exception in the record, but also because it is not properly set out in the record. An assignment of error to the charge should quote the portion of the charge to which appellant objects, and assignments based on failure to charge should set out appellant's contention as to what the court should have charged. A mere reference in the assignment of error to the record where the exception appears will not present the alleged error for review. *State v. Brown,* 9 N.C. App. 534, 176 S.E. 2d 907 (1970).

The rules of this Court are to assist the Court to locate the error complained of and expedite the work of the Court. Just sending up a mass of material and requesting the Court to look it over is not helpful.

If the Rules of Practice in the Court of Appeals are not complied with, the appeal may be dismissed. However, since the appeal itself is an exception to the judgment which presents for review error appearing on the face of the record, we undertake to perform such a review.

The indictment is validly drawn; the defendant entered a plea of not guilty upon which the case was tried; the verdict

conforms to the issues in the case; and the judgment and sentence is in accordance with the maximum allowed by statute.

[4]    The State's evidence was sufficient to go to the jury. The State is not required to prove exclusive possession or control of a controlled substance. *State v. Sutton*, 14 N.C. App. 161, 187 S.E. 2d 389 (1972).

The evidence of possession, which was circumstantial in nature, was sufficient evidence to place the defendant within such close juxtaposition to the narcotic drug as to justify the jury in concluding that the same was in his possession. *State v. Harvey*, 281 N.C. 1, 187 S.E. 2d 706 (1972).

The facts in the instant case are distinguishable from those in *State v. Chavis*, 270 N.C. 306, 154 S.E. 2d 340 (1967), in that here the officer saw both the box and the marijuana in defendant's possession.

Affirmed.

Judges MORRIS and VAUGHN concur.