JOHN ROGERS BROWN, Single; HECTOR B. BROWN, Single; AD-
    DIE BROWN and wife, JANIE BROWN; MARY BROWN DUNHAM
    and husband, PERRY DUNHAM; EVELYN BROWN CORBETT
    and husband, LENHIET CORBETT; SYLVESTER BROWN, Single;
    ODESSA MAE BROWN, Single; HERBERT COUNCIL, Widower;
    CARVESTER COUNCIL, Single; LOUVENIA COUNCIL TATUM
    and husband, LEROY TATUM; JAMES W. COUNCIL, Single;
    and CHARLES COUNCIL, Minor, by his Guardian Ad Litem,
    SYLVESTER BROWN v. HERBERT W. VICK and ARTHUR L.
    LANE

No. 7413SC624

(Filed 6 November 1974)

1. Appeal and Error §§ 24, 26— form of exceptions — appeal as exception
    to judgment
        Exceptions not duly noted in the record but appearing only under
    the purported assignments of error will not be considered; however,
    the appeal itself is an exception to the judgment and presents for
    review error appearing on the face of the record.

2. Limitation of Actions § 18— action to set aside deed barred
        Plaintiff's claim to set aside a deed allegedly based on fraud was
    barred by the three year statute of limitations under G.S. 1-52(9).

3. Trusts § 13— purchase at foreclosure — oral agreement — parol trust
        Where one person buys land under a parol agreement to do so
    and to hold it for another until he repays the purchase money, the
    purchaser becomes a trustee for the party for whom he purchased the
    land, and equity will enforce such an agreement.

4. Trusts § 19— purchase at foreclosure sale — parol trust negated by
    conduct of parties
        Where plaintiffs did not allege or offer evidence that they
    attempted to repurchase land bought by defendant at a foreclosure
    sale and allegedly held by defendant as trustee, and where defendant
    exercised dominion and control over the property including renting
    the crop land to plaintiff and his mother, actions and conduct of the
    parties were inconsistent with the theory that defendant was holding
    the land in trust for the benefit of the plaintiffs.

APPEAL by plaintiffs from *Braswell, Judge,* 18 March 1974
Session of BLADEN County Superior Court. Argued in the Court
of Appeals 17 September 1974.

Plaintiffs allege three claims for relief involving real prop-
erty in Bladen County. The first claim for relief seeks to set
aside a deed prepared by defendant Lane conveying 141 acres of
land from Romelia Brown to the defendant Herbert Vick.

Plaintiffs allege that the name of defendant Vick on this deed as grantee is the result of fraud on the part of defendants. The second claim for relief is based upon the purchase by defendant Vick of 409 acres of land at a foreclosure sale. Plaintiffs seek to impose a trust upon this land arising from the purchase by defendant Vick of the 409 acres pursuant to an agreement by which the plaintiffs would have the right to "redeem" this land within one year after the foreclosure sale. The third claim for relief seeks to recover the rents and profits from the 409 acres which were collected by defendant Vick.

The trial court granted defendants' motion for a summary judgment and plaintiffs appealed.

*Earl Whitted, Jr., for plaintiff appellants.*

*Marion C. George, Jr., for defendant appellee Herbert W. Vick.*

*Clark, Clark, Shaw & Clark, by Heman R. Clark, for defendant appellees Herbert W. Vick and Arthur L. Lane.*

MARTIN, Judge.

[1] The record before us contains a "Grouping of Exceptions and Assignments of Error." None of these assignments of error cites specifically numbered exceptions appearing in the record. Exceptions not duly noted in the record, but appearing only under the purported assignments of error will not be considered. *State v. Barnes,* 18 N.C. App. 263, 196 S.E. 2d 576 (1973); *Midgett v. Midgett,* 5 N.C. App. 74, 168 S.E. 2d 53 (1969); *State v. Wright,* 16 N.C. App. 562, 192 S.E. 2d 655 (1972). However, the appeal itself is an exception to the judgment and presents for review error appearing on the face of the record. *State v. Barnes,* 18 N.C. App. 263, 196 S.E. 2d 576 (1973). Under such circumstances, "[R]eview is limited to the question of whether error of law appears on the face of the record, which includes whether the facts found or admitted support the judgment, and whether the judgment is regular in form and supported by the verdict." 1 Strong, N. C. Index 2d, Appeal and Error, § 26, pp. 153-154.

The trial court made the following pertinent findings and conclusions of law:

"* * *

5. That the undisputed facts in this case are that on March 15, 1967, Romelia Brown went to the office of

the defendant Lane, . . . accompanied by the plaintiffs, John R. Brown and Hector Brown, her sons. The defendant, Lane, was and is a duly licensed lawyer. In his office a deed was prepared by the defendant, Lane, dated March 15, 1967, conveying the tract of land of approximately 141 acres from Romelia Brown to Vick; that this deed was left in the law office of the defendant, Lane, and was filed for registration in the office of the Register of Deeds of Bladen County on August 29, 1968, and recorded in Book 177, Page 560; that Romelia Brown died intestate October 29, 1970; that at the time of this conveyance, the Romelia Brown property was encumbered with judgments and other liens which were subsequently paid and satisfied by the defendant, Vick;

6. That at the time Romelia Brown and the plaintiffs, John R. Brown and Hector Brown, went to the office of their attorney, Arthur Lane, other land owned by the plaintiffs, John Brown and Hector Brown was under a foreclosure by Giles Clark, Trustee, under a deed of trust, dated January 19, 1963, securing an indebtedness of approximately $20,000.00; that through their attorney Lane, the plaintiffs contacted the defendant Vick and reached an understanding that the defendant Vick, would bid for the land of John and Hector Brown at the foreclosure sale by Giles Clark, Trustee, and if the defendant Vick became the successful bidder, the title to the Romelia Brown tract, encumbered as it was, would be conveyed to him simultaneously with the purchase from the Trustee, and with the further understanding that the defendant, Vick, would give the plaintiffs the opportunity to repurchase their property from him at any time within a year from his acquisition of the same.

7. That the John and Hector Brown property was duly foreclosed by Giles Clark, Trustee, and sold to the defendant, Vick, who paid the purchase price and received a deed from Giles Clark, Trustee, and the deed from Romelia Brown was delivered to the defendant, Vick;

8. That the defendant, Lane, was attorney for Romelia Brown and the plaintiffs John and Hector Brown at all times during the transactions complained of, and was paid by them and at no time during any of these trans-

Brown v. Vick

actions did he represent, or receive payment from the defendant Vick.

9. That the deed from Giles Clark, Trustee, to the defendant, Vick, was dated July 17, 1968, and recorded the 20th day of August 1968, in Book 177, Page 475.

10. That following the recording of the deeds to the defendant, Vick, the allotments of tobacco and other crops as established by the ASCS office of Bladen County, for all of the lands conveyed to defendant, Vick, were transferred to the defendant, Vick with the understanding and assistance of the plaintiffs John and Hector Brown, and for the crop year 1970; that Romelia Brown through her son, the plaintiff, John Brown, rented the crop land from all tracts of land involved from the defendant, Vick, for the 1970 crop year; that the defendant, Vick has continuously, since the recording of the deeds aforesaid, rented the farmland and received all of the rents and profits from all of the land in question, and otherwise exercised dominion and control over all of said property;

11. That there is no allegation in the plaintiff's complaint and no evidence from any source that the plaintiffs at any time tendered payment to the defendant, Vick, of the amount which was invested by him in the payment of the liens on the Romelia Brown property and paid by him for the purchase of John and Hector Brown's land at foreclosure by Giles Clark, Trustee, as they were required to do within one year under the express agreement, which the plaintiffs alleged;

12. Based upon the undisputed facts as disclosed by the pleadings, the affidavits and depositions together with the sworn testimony of the plaintiff, John Brown, the Court concludes that as a matter of law:

1. The plaintiffs' FIRST CLAIM FOR RELIEF based upon allegations of fraud on the part of the defendant, Lane, is barred by the three year statute of limitations as established by North Carolina General Statutes 1-52 (9), for that the statute of limitations was affirmatively plead by the defendants, and the plaintiffs have failed to show that this action was commenced within three years from the discovery of the alleged fraud and the Court finds that the plaintiffs did in fact have knowledge of all of

the facts and circumstances surrounding the transaction which they allege was fraudulent for more than three years prior to the commencement of this action.

2. That there is no allegation and no evidence of any fraud having been committed, condoned or participated in by the defendant, Vick, on the plaintiffs or any other person and that the plaintiffs' FIRST CLAIM as to defendant, Vick, should be dismissed, and that if any such cause of action ever existed against defendant, Vick, the same would also be barred by the three-year statute of limitation. . . .

3. That as to the SECOND CLAIM FOR RELIEF, the plaintiffs have failed to allege or offer any evidence that they complied with the express agreement, which the plaintiffs themselves allege to have been made with the defendant, Vick, as to the reconveyance of the property in question, and therefore plaintiffs have no claim upon which relief can be afforded to them in law or in equity, there being no evidence that they at any time offered to pay any sum of money to the defendant, Vick, which according to the plaintiffs' allegations should have been tendered to the defendant, Vick, within one year of the conveyances to him.

4. That the plaintiffs' SECOND CLAIM FOR RELIEF is likewise barred by the statute of limitations, not having been commenced within three years from the accrual of the cause of action alleged.

5. That the plaintiffs' THIRD CLAIM FOR RELIEF is a restatement of the plaintiffs' first and second claims for relief wherein plaintiffs seek entitlement to rents and profits, and plaintiffs having failed to prevail therein, their third claim for relief is likewise barred and affords no basis upon which relief can be granted to the plaintiffs.

\*   \*   \*

7. That there is no genuine issue of fact.

\*   \*   \*

2. The Motion of each of the defendants for Summary Judgment in favor of the defendants as to each claim for relief is allowed."

[2] The trial court's findings support its conclusion that plaintiffs' first claim to set aside a deed allegedly based on fraud was barred by the three-year statute of limitations under G.S. 1-52(9).

[3, 4] In their second claim for relief, plaintiffs seek to impose a constructive trust upon the 409 acres held by defendant Vick. It is uniformly held to be the law in this State that where one person buys land under a parol agreement to do so and to hold it for another until he repays the purchase money, the purchaser becomes a trustee for the party for whom he purchased the land, and equity will enforce such an agreement. *Hare v. Weil*, 213 N.C. 484, 196 S.E. 869 (1938); *Paul v. Niece*, 244 N.C. 565, 94 S.E. 2d 596 (1956); *Ketner v. Rouzer*, 11 N.C. App. 483, 182 S.E. 2d 21 (1971). "Where purchase has been made at a public or judicial sale, and the purchaser who paid the money out of his own funds agreed to hold the land subject to the right of the person, whose land he bought, and to reconvey the legal title upon repayment of his outlay, it has been held generally in this State that a valid parol trust is created in favor of the former owner of the land." *Hare v. Weil, supra.* "To create a parol trust there must be an agreement amounting to an undertaking to act as agent in the purchase and constituting a covenant to stand seized to the use or benefit of another." *Wolfe v. Land Bank*, 219 N.C. 313, 13 S.E. 2d 533 (1941). In the case at bar, the trial court found the undisputed facts to be that the plaintiffs had failed to allege or offer evidence that they complied with the agreement under which plaintiffs were to repurchase the land within one year after the foreclosure sale; that the deed from the trustee, who held a deed of trust on the 409 acres, to defendant Vick was dated 17 July 1968 and was recorded on 20 August 1968; and that since the date of recordation, defendant Vick has collected all the rents and profits and exercised dominion and control over all of this 409 acres of land. Furthermore, the trial court found that the undisputed fact was that Romelia Brown, through her son, the plaintiff John Brown, had rented the crop land from all tracts of land involved from the defendant Vick for the 1970 crop year. This action manifests a clear intention to recognize defendant Vick as landlord and to assume for themselves a role as tenants. Under these circumstances, the actions and conduct of the parties are inconsistent with the theory that defendant Vick was holding the land in trust for the benefit of plaintiffs. Instead, such conduct indicates that defendant Vick was acting as the sole

legal and equitable owner of the land. Thus, if there ever was a parol trust, the conduct of the parties as reflected in the findings of fact shows an intention not to rely thereon. See *Hare v. Weil, supra.*

Assuming there was a parol trust, the plaintiffs are estopped by their conduct to assert equitable title at this late time. See *Wolfe v. Land Bank, supra.* Furthermore, if a parol trust existed, plaintiffs, by their conduct, have waived their right to enforce it.

> "In 65 C.J. 955, it is stated: 'A *cestui que trust,* or one claiming to be such, who is competent to act for himself, may be estopped, or waive his right, to enforce a trust in his favor by words or acts on his part which, expressly or by implication, show an intention to abandon, or not to rely upon or assert, such trust, as by acquiescing, with knowledge of all the material facts, in the alleged trustee's acts in dealing with, or disposing of, the property in a manner inconsistent with the existence or continuation of a trust.' " *Hare v. Weil, supra,* at page 488.

Therefore, the undisputed facts set out by the trial court support its conclusion that plaintiffs should not, as a matter of law, recover on their second claim for relief. For this reason, we find it unnecessary to consider whether the three year or ten year statute of limitation should apply to a constructive trust.

Since plaintiffs have failed in their first and second claims for relief, their third claim for relief was properly dismissed.

Affirmed.

Chief Judge BROCK and Judge MORRIS concur.