FELIX DIXON ANDREWS, EDNA ANDREWS ROWE, LEO GREEN AND WIFE, ELIZABETH H. GREEN v. ROBERT H. DAVENPORT AND WIFE, LOUISE S. DAVENPORT, WEYERHAEUSER COMPANY, ALLEN GOODSON, MARVIN L. GOODSON COMPANY AND BOBBY GOODSON

No. 864SC400

(Filed 17 March 1987)

Trespass § 7— wrongful cutting of timber—summary judgment improper

> Genuine issues of material fact existed and the trial court therefore erred in entering summary judgment for defendants in plaintiffs' action for the wrongful cutting and removal of timber from lands owned by plaintiffs.

APPEAL by plaintiffs from *Strickland, Judge.* Order entered 9 September 1985 in Superior Court, JONES County. Heard in the Court of Appeals 18 September 1986.

The complaint in this action, filed in February, 1984, states two claims for wrongfully cutting and removing timber from two adjacent tracts of Jones County land owned by plaintiffs; it describes one tract as being 31.37 acres, the other 36.87 acres, and alleges that one cutting occurred in December, 1980 when the land was owned by plaintiffs Felix Dixon Andrews and Edna Andrews Rowe, and the other in November, 1983 after they sold the land to the plaintiffs Green. A claim for the December, 1980 cutting was also asserted in an earlier action against the defendants that plaintiffs voluntarily dismissed without prejudice in August, 1983. In the present case only the defendants Davenport, who deeded the timber on the land to defendant Weyerhaeuser, answered the complaint; and in doing so they denied the allegations of ownership and of trespass and pleaded the statute of

limitations as a bar to the first claim and judicial estoppel to the second. After much discovery was done the defendants Davenport moved for summary judgment, and following a hearing thereon the motion was granted and the action was dismissed without prejudice as to all the defendants. The evidence and exhibits presented at the hearing included the following: The pleadings and other court papers filed in the prior action; a number of deeds and survey maps; the affidavit of Ronald Davenport, a licensed civil engineer and surveyor, who surveyed the lands in question for the plaintiffs; the discovery depositions of the plaintiff Leo Green and defendant Robert H. Davenport; and the discovery depositions and in-court testimony of the plaintiff Felix Dixon Andrews and Ronald Davenport. When viewed in its most favorable light for the plaintiff non-movants the evidence indicates the following:

When the 1980 cutting occurred the two tracts of land referred to were owned by the plaintiffs Andrews and Rowe, and when the second cutting occurred they were owned by the plaintiffs Green. The defendants Davenport without authority deeded the timber on the land to the defendant Weyerhaeuser Company, and that company's agents wrongfully cut and removed the timber. The plaintiffs' land and the lands of the defendants Davenport, which partially surround it, all came from a "parent" tract of 121 acres that Jeremiah Nobles deeded to J. G. Andrews, the grandfather of the plaintiffs Andrews and Rowe, in 1905. The chain of conveyances leading to J. G. Andrews acquiring title to the parent tract was testified to, as was the chain of conveyances from the parent tract leading to the defendants Davenport acquiring their property and the plaintiff Edna Andrews Rowe being deeded the 31.37 acre parcel in 1960. No deed out of J. G. Andrews for the 36.67 acre parcel is recorded and that tract passed by inheritance to the plaintiffs Andrews and Rowe, who conveyed both parcels to the plaintiffs Green in 1983. Plaintiff Felix Dixon Andrews, *inter alia*, testified that: Since the 1930's he, his father, and grandfather had all used the land without interference as they saw fit; on it at different times they raised hogs and cattle and cut firewood; in the early 1940's they sold the timber off the land to Wilcox Lumber Company, on which occasion he helped survey the land by pulling a chain for the surveyor; and that on two different occasions in the 1970's defendant Robert Davenport

recognized plaintiffs' ownership and control of the land by obtaining their permission first to cross the land with his bulldozer, and then to cut a ditch on it to aid the drainage of his land.

*Henderson, Baxter & Alford, by David S. Henderson, for plaintiff appellants.*

*Allen, Hooten & Hodges, by John M. Martin, for defendant appellees Robert H. Davenport and Louise S. Davenport.*

*T. R. Thompson, Jr. for defendant appellees Weyerhaeuser Company, Allen Goodson, Marvin L. Goodson Company and Bobby Goodson.*

PHILLIPS, Judge.

The order of summary judgment dismissing plaintiffs' action is not well founded and we vacate it. Before summary judgment is proper the lack of a triable issue of fact must be clearly demonstrated, *Pitts v. Village Inn Pizza, Inc.,* 296 N.C. 81, 249 S.E. 2d 375 (1978), and that has not been done in this case. The evidence before the court does not establish any of the following, any one of which would be fatal to plaintiffs' case: That plaintiffs do not own the land in question; that defendants Davenport had a right to deed the timber on it; that the timber on the land was not cut; or that the action is barred by the statute of limitations or by any other legal impediment. The evidence before the court rather tends to show that plaintiffs own the land involved—either by grant, inheritance, or adverse possession—and that the defendant Weyerhaeuser damaged plaintiffs by cutting and removing the timber without authority. The order was apparently entered in the mistaken belief that the evidence establishes that plaintiffs cannot locate the lands described in the complaint on the ground, which is not the case. Furthermore, while locating land described in a deed may be necessary in proving title to disputed land at trial, *Andrews v. Bruton,* 242 N.C. 93, 86 S.E. 2d 786 (1955), such a showing was not required of plaintiffs at the hearing on defendants' motion for summary judgment because defendants made no showing to the contrary. In a hearing on a defendant's motion for summary judgment, unlike at trial, a plaintiff only has the burden to rebut any showing the defendant makes which indicates that his case is fatally deficient. *Moore v. Fieldcrest Mills, Inc.,* 296

N.C. 467, 251 S.E. 2d 419 (1979). In this case defendants presented no proof that plaintiffs were obliged to rebut. They did not prove or even attempt to prove either that they or others own the land or that plaintiffs do not; nor did they show by any clear or positive evidence either that plaintiffs cannot locate the land described in the deeds on the ground or that it is situated within the boundaries of defendants' land. Indeed, the only defendant to testify, Robert H. Davenport, stated he did not know whether he owned the land in dispute or not. All that the defendants did do in an effort to disprove plaintiffs' claim was elicit snatches of testimony from plaintiff Andrews and his surveyor, which were contradicted or explained elsewhere, to the effect that they did not find certain boundary markers described in the complaint. But the testimony excerpts relied upon by defendants are directly refuted by testimony to the contrary; plaintiffs' surveyor categorically testified that he had located the property on the ground, and plaintiff Felix Dixon Andrews testified that he once knew the boundaries of the land and could readily locate them until the defendant Weyerhaeuser bulldozed over the embedded markers of one boundary line and cut down a line of blazed trees that marked another. The evidence that defendants rely upon merely casts doubt on plaintiffs' ability to locate the described lands on the ground, it does not clearly establish that they cannot do so. Thus, all genuine issues of material fact have not been eliminated from the case; and the factual issues that exist are for a jury, rather than the court, to decide. *Zimmerman v. Hogg and Allen*, 286 N.C. 24, 209 S.E. 2d 795 (1974). For that matter the location of land boundaries is usually "a factual question for the jury," *Cutts v. Casey*, 271 N.C. 165, 168, 155 S.E. 2d 519, 521 (1967); because deed and survey measurements and descriptions, made by different people at different times under different conditions, often vary and it is a rare case indeed when only one deduction can be made from them.

Vacated and remanded.

Judges PARKER and COZORT concur.